**WAGNER v. HOLLAND et al.**

No. 3440.

District Court of Alaska. Second Division. Nome.

Jan. 2, 1941.

O. D. Cochran, of Nome, for plaintiff.
C. C. Tanner, of Nome, for defendants.

MORISON, District Judge.

This is an action of ejectment brought to recover possession of two certain placer mining claims situated in the Second Judicial District of the Territory of Alaska.

The complant avers substantially that the plaintiff is the owner of the fee of those two certain adjoining placer mining claims known and set out in the complaint as No One Atlas and No Two Atlas, situated on Atlas Creek, a tributary of Quartz Creek, in the Cape Nome Mining District and Precinct of the Second Division, Territory of Alaska.

It also avers that. the plaintiff became the owner of said claims through and by virtue of valid and subsisting mineral locations made in pursuance of the laws of the United States and of the Territory of Alaska governing such matters, on the .31st day of October, 1938.    That the defendants are wrongfully in the possession of said claims; that they have no title to said claims and no right whatever to the possession thereof; that the plaintiff is entitled to the possession of said claims and the whole thereof,· and has been entitled to such possession since the 31st day of October, 1938.

Defendants in answer admit that the records of the Recorder's Office, Cape Nome Precinct, Alaska, show two placer location notices of mining claims designated therein as "No One Atlas" and "No Two Atlas" as alleged in the complaint, and also that said claims are in said notices alleged to have been located on Atlas Creek in the Cape Nome Recording Precinct by plaintiff herein through her attorney in fact, one Geo. F. Waldhelm.    They further admit that said placer notices were filed. for record in said Recorder's Office on December 5, 1939; but they deny all other allegations of the complaint and set up a number of affirmative averments in their answer as defenses to this action; but the only one deemed necessary to consider in determining the merits of the case is the averment that: "Plaintiff failed to erect at each corner or angle of said claims substantial monuments or posts not less than three

feet in height nor less than three inches in diameter, hewn and marked with the name of the claim, the position or number of the monuments, and the direction of the boundary lines, and by cutting out, blazing or marking the boundary lines so that they could be readily traced."

This is substantially the second clause of the third section of chapter 83 of the Session Laws of Alaska 1933, relative to the location of mining claims, and its interpretation, in the opinion of the Court, determines the rights of the parties in this case.

The proof shows that on the 31st day of October, 1938, by virtue of her mineral location, the plaintiff became the owner of two adjoining placer mining claims, designated as No One Atlas and No Two Atlas, situated on Atlas Creek, a tributary of Quartz Creek, in the Cape Nome Mining District and Precinct, Second Division, Territory of Alaska.

The proof also shows that the said mineral claims are located in a remote section of the Territory where timber is exceedingly scarce; and in staking the claims in question, sod mounds one, one and one-half, and two feet in height were erected and in the center of these mounds willow stakes from one and one-half to one and seven-eighths inches in diameter and three feet high were placed, and that said willow stakes were the largest in size to be found in that section of the Territory. Said stakes were duly and properly marked and proper location notices were filed for record in the Recorder's Office on December 5, 1938. The proof further shows that on the 18th day of January, 1939, the defendants located and staked on Atlas Creek, a tributary of Quartz Creek, what they designated as "Atlas No 1 Claim." And that on the 21st day of January, 1939, defendants located and staked on Atlas Creek, a tributary of Quartz Creek, what they designated as "Atlas No 2 Claim."

And the proof satisfactorily shows that the claims located and staked by the defendants are the identical claims which had formerly been located and staked by the plaintiff; that

the defendants began staking at the beginning corner of the plaintiff's No One Atlas and followed it around, corner after corner in succession, and simply restaked with three inch stakes the same claim which the plaintiff had already staked and appropriated; and likewise so restaked plaintiff's No Two Atlas.

This appears clear from the proof and was not contradicted by the defendants in either pleading, proof, or argument of defendant's counsel. In other words, in common parlance, defendants simply jumped the claims of the plaintiff, because her stakes were less than three inches in diameter.

When we come to interpret the section of the statute of 1933 relative to the staking of mineral claims, and pleaded in bar of this action, we naturally inquire what was the object of this clause of the statute?

Was it to require that a mineral claim discovered be so staked or marked that one going upon the ground could readily see and know that it had already been preempted by a certain other person, or persons; or was it to require that a claim be marked by a particular character of monument or post by the discoverer? In other words, is the size of the monument or post used of the essence of the statute?

That is, is the size of the post or monument set out in the statute a fundamental, predominant, or vital constituent of the statute?

■ Manifestly the discovery of mineral and the staking of the claims are of the essence of the statute, and, therefore, mandatory. But the character of the monuments or posts employed to mark the corners and angles of mining claims, is not so easy to dispose of.

■ However, it is well said and understood that the intention of the legislature is the cardinal consideration in determining this matter; and that whether a particular provision is mandatory or directory only is to be determined

from the language used and the purpose in view. City of Enid v. Champlin Refining Co., 112 Okl. 168, 240 P. 604.

■ And it is also well settled that those provisions which do not relate to the essence of the thing to be done and to which compliance is a matter of convenience rather than substance is directory only. Id.

■ And furthermore that courts will hold provisions of the law intended to subserve public purposes mandatory or directory as best subserves such purpose. Calaveras County v. Brockway, 30 Cal. 325.

■ Now this statute in question is: "An Act to supplement the laws of the United States relating to the location and holding of Mining Claims". And the law intended to be supplemented reads as follows: "The location must be distinctly marked on the ground so that its boundaries can be readily traced. * * * shall contain the name or names of the locators, the date of the location, and such a description of the * * * claims located by reference to some natural object or permanent monument as will identify the claim." U.S.C.A. tit. 30, § 28.

The law supplemented simply declared that the location must be "marked on the ground so that its boundaries can be readily traced." The amended or supplemented law requires the erection of monuments or posts at the corners and angles not less than three inches in diameter. Session Laws 1933, ch. 83.

Clearly the purpose of the supplementing act in question, requiring the erection of monuments or posts at the corners and angles of the location, is a reasonable and beneficial amendment to the old law. It helps to locate claims that have been previously made. It lessens and inconveniences confronting would-be locators. It definitely shows to the world that another person has been upon the ground and appropriated it. But when the supplementing act goes further, and in effect declares that a claim is void and the land it covers is open to location by any one who comes

along simply because the monuments or posts set up marking the corners and angles of it are less than three inches in diameter, especially where the would-be claim jumper is able to see the posts and mounds set up by a prior locator showing that the claim has been previously located; does see them; follows them from corner to corner and restakes the claim; this Court is of the opinion that the part of the statute in respect to the size of the posts or monuments required to be placed at the corners and angles of the claim is directory only; and that any other view of the matter under the facts of this case would render such provision of the statute unreasonable.

Judgment for the plaintiff.